UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

State of Ohio,	Case No. 3:24-cr-330

        Plaintiff

   v.

                                            ORDER OF REMAND

Eric Anthony Grimes,

        Defendant

       Eric Anthony Grimes, acting *pro se*, has filed a Notice of Removal seeking to remove a criminal prosecution brought against him in the Lucas County Court of Common Pleas. (Doc. No. 1). *See State of Ohio v. Eric Grimes*, No. CR 2024- 2254 (Lucas Cty. Ct. Comm. Pls.).

        I find that this action must be remanded.[1]

        "Under federal law, state criminal proceedings may be removed to federal court in only rare circumstances." *Michigan v. Mixon*, No. 21-10825, 2021 WL 1439706, at *1 (E.D. Mich., April 16, 2021). Criminal prosecutions against federal officers and members of the armed forces may be removed in certain circumstances under 28 U.S.C. §§ 1442 and 1442a. Otherwise, state criminal defendants may remove criminal prosecutions against them only as provided in 28 U.S.C. § 1443, which the Sixth Circuit has described as "a very special statute to deal with specific and discrete problems involving removal of cases, civil or criminal, in which the defendant cannot enforce his claim of civil rights in state court." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). A state criminal prosecution is removable under § 1443(1) if the defendant shows that "the right denied [him is] one

---

[1] Title 28 U.S.C. § 1455(b)(4) requires a court to "make an order for summary remand" where it clearly appears from the face of the notice of removal an any attached exhibits that removal should not be permitted.

that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and that he is "unable to or [is] denied the opportunity to enforce those specified federal rights in the courts of the state in question." *Id.* at 614-15 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Removal under § 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties" under a federal law providing for equal civil rights. *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824, n. 2 (1966). "As with any removal statute, the defendant [in the state criminal prosecution] has the burden of establishing that removal is proper." *Conrad*, 871 F.2d at 614.

Removal is unwarranted here as Mr. Grimes has not alleged or demonstrated any circumstance in which removal of a state criminal prosecution is permitted. He does not assert denial of a right under federal law specifically intended to correct racial inequality, and he is not a federal officer or a person assisting a federal officer.

Accordingly, there is no basis for removal of his state criminal case, and this action is hereby remanded to the Lucas Court of Common Pleas in accordance with 28 U.S.C. § 1455(b)(4). I certify that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge